UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JAMES-EL,

        Petitioner,
                                       Case No. 2:17-cv-13834
                                       Hon. George Caram Steeh
v.

MELINDA BRAMAN,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, (3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS, AND (4) DENYING PETITIONER'S PENDING MOTIONS**

Steven James-El, ("Petitioner"), a Michigan prisoner, filed this action under 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Wayne Circuit Court of carrying a concealed weapon, MICH. COMP. LAWS § 750.227, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, possession of a firearm during the commission of a felony, second offense, MICH. COMP. LAWS § 750.227b, and unlawful possession of marijuana. MICH. COMP. LAWS § 333.7403(2)(d). Petitioner was sentenced as a fourth-time habitual felony offender to five-years imprisonment for the felony-firearm conviction to be served concurrently with a five-year term of probation for his other offenses.

- 1 -

The petition raises four claims: (1) Petitioner's sentences for both felon in possession of a firearm and commission of a felony with a firearm violate the Double Jeopardy Clause, (2) the prosecutor committed misconduct at trial, (3) the prosecutor withheld exculpatory evidence, and (4) Petitioner was denied the effective assistance of counsel.

The Court will deny the petition because Petitioner's claims are without merit. The Court will also deny Petitioner a certificate of appealability, but it will grant permission to appeal in forma pauperis. Finally, Petitioner's pending motions will be denied.

**I. Background**

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On October 5, 2014, at around 12:00 a.m., Detroit Police Officers Daniel Harnphanich, William Zeolla, and Jeffrey Banks were performing a random patrol in their scout car in the area of Pembroke and Glastonbury in Detroit. As the officers drove west on Pembroke, they observed a man riding a bicycle about 80 feet away traveling on Pembroke heading east toward their scout car. The bicycle was not equipped with a front light, in violation of an ordinance, prompting the officers to investigate the individual riding the bicycle. The officers observed the bicycle turn onto Glastonbury and, immediately thereafter, they turned their scout car onto Glastonbury. Officer Zeolla, either before or after they made the turn, illuminated the scout car's spotlight on the bicycle.

> As soon as the scout car turned and the bicycle was illuminated with the spotlight, Officers Harnphanich and Zeolla observed defendant, who was facing the police car, immediately jump off of the bicycle, look in their direction, remove a handgun from his waistband, turn away from the scout car, and throw the gun into the backyard of a vacant house located at the corner of Pembroke and Glastonbury. The officers got out of their car, ordered defendant down to the ground, and arrested him. Officer Zeolla then proceeded to search defendant's person and recovered 10 knotted baggies containing marijuana from his jacket pocket, while Officer Harnphanich went to the yard where defendant threw the gun to look for the gun. In the backyard, Officer Harnphanich recovered a .38 caliber, blue steel, semiautomatic handgun loaded with five live rounds.

*People v. James*, 2016 WL 3267143, at *1-2 (Mich. Ct. App. June 14, 2016)(footnote omitted).

Following his conviction Petitioner filed a claim of appeal in the Michigan Court of Appeals. His brief on appeal filed by counsel along with his supplemental pro se brief raised the following four claims:

> I. The trial court erred in ordering defendant's probationary term to run consecutive to the five-year sentence for felony firearm.
>
> II. Separate convictions and sentences for felony firearm and felon in possession of a firearm arising out of the same act violate prohibition against double jeopardy.
>
> III. Did the prosecutor commit misconduct?
>
> IV. Was defendant denied effective assistance of counsel?

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Id.* Petitioner subsequently filed an application for

leave to appeal in the Michigan Supreme Court, raising the same claims as he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. James*, 887 N.W.2d 621 (Mich. 2016)(Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

### III. Analysis

A. Double Jeopardy

Petitioner first claims that his multiple sentences for his felon in possession of a firearm and commission of a felony while in possession of firearm convictions violate the Double Jeopardy Clause.

In the context of multiple punishments, the Double Jeopardy Clause of the Fifth Amendment does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses. As the Supreme Court has explained, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). When "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983).

In determining whether the state legislature intended to authorize cumulative punishments, a federal habeas court must accept the state court's interpretation of the legislative intent for the imposition of multiple

punishments. *Hunter*, 459 U.S. at 368. Therefore, whether punishments imposed are constitutional is essentially a question of legislative intent, and a state court's determination that a state legislature intended multiple punishments is binding on habeas corpus review. *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

The Michigan Supreme Court held that that the state legislature intended to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute. *People v. Mitchell*, 456 Mich. 693 (1998). In *People v. Calloway*, 469 Mich. 448 (Mich. 2003), the Michigan Supreme Court specifically held that "[b]ecause the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MICH. COMP. LAWS § 750.224f, and felony-firearm, MICH. COMP. LAWS § 750.227b." *Id*. at 452.

Given the foregoing, the state court's denial of relief was complied with clearly established Supreme Court law because the state legislature intended for multiple punishments for both crimes. Habeas relief is not warranted on this claim.

B. Prosecutorial Misconduct

Petitioner's second claim asserts that the prosecutor committed misconduct during trial. He asserts that the prosecutor made an erroneous statement regarding the bike and blue-steel revolver in opening statement. He also asserts that the prosecutor improperly stated her personal belief in his guilt during closing argument. Finally, he asserts that the prosecutor elicited false testimony regarding a video recording from the scout car.

For a petitioner to be entitled to habeas relief based on prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

In evaluating the impact of the prosecutor's misconduct, a court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. See *United States v. Young*, 470 U.S. 1, 11-12 (1985). The court also must consider

the strength of the overall proof establishing guilt, whether the conduct was objected to by counsel and whether a curative instruction was given by the court. See *id.* at 12-13; *Darden*, 477 U.S. at 181-82.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) (quoting *Donnelly*, 416 U.S. at 645. Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker v. Matthews*, 567 U.S. 37, 47 (2012) (quoting *Richter*, 562 U.S. at 103).

In light of this deferential standard, none of Petitioner's claims merit relief. Petitioner asserts that the prosecutor made an erroneous statement

regarding his bike and the discovery of the blue-steel revolver during opening statements. But as the state appellate court found:

> [T]he challenged statements were clearly supported by the evidence, specifically the officers' testimony that they observed defendant riding a bicycle without a front light in violation of a city ordinance. They saw defendant jump off the bicycle, remove a gun from his waistband, and throw the gun into the backyard of a vacant house. They retrieved a .38 caliber, blue steel semiautomatic handgun from the yard where defendant threw the gun.

*James*, 2016 WL 3267143, at *6.

This allegation of improper conduct is baseless in light of the officers' testimony.

Petitioner next asserts that the prosecutor improperly stated her personal belief in his guilt during closing argument. The argument is belied by the record which shows that the prosecutor properly asked the jury to find Petitioner guilty based on the evidence presented at trial:

> So if you believe the testimony of the officers beyond a reasonable doubt, and testimony is evidence, and the judge is going to tell you that testimony is evidence, you must find the defendant guilty. And if you believe that I have to have fingerprint evidence then you are wrong. You are wrong. I have to prove the elements of the charges. And there's nothing contradicting the testimony of these police officers in this case. And I'm going to ask you to find the defendant guilty of all three counts because he is guilty.

Dkt. 7-6, at 101-02.

Finally, Petitioner asserts that the prosecutor elicited false testimony regarding a video recording from the scout car. To prevail on such a claim, Petitioner must show that (1) the testimony was false, (2) the testimony was material, and (3) the prosecutor knew the testimony was false. *Abdus-Samad v. Bell*, 420 F.3d 614, 625-26 (6th Cir. 2005) (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992). The Michigan Court of Appeals reasonably rejected the claim in the basis that the record did not indicate that any false testimony was presented:

> On this record, there is no reason to conclude that the officers testified falsely. Contrary to defendant's assertion, their testimony regarding the absence of a scout car video recording did not create the inference that they testified falsely or that the prosecutor knew they would testify falsely. Instead, the officers testified that a scout car video recording of the incident did not exist. Officer Harnphanich testified that the officer in charge informed him that there was no video, and he did not know why a video could not be pulled, while Officer Zeolla explained that he believed a video was not recorded because he did not activate the car's lights or sirens, as there was no reason to do so. Any inconsistencies in this testimony did not establish that the officers testified falsely. Moreover, there is no basis in the record for concluding that the prosecution knew that the officers' testimony was false.

*James*, 2016 WL 3267143, at *7.

None of Petitioner's claims of prosecutorial misconduct merit relief.

C. Suppression of Exculpatory Evidence

Petitioner's third claim asserts that the prosecutor withheld exculpatory evidence. He asserts that a video of the incident was made from a camera located in the patrol car, and that it was withheld from the defense.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Supreme Court has held that "[t]here are three components of a true *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice (and materiality) is established by showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. at 281 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)); see also *Cone v. Bell*, 556 U.S. 449, 469-70 (2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Bagley*, 473 U.S. at 682.

After reciting the controlling constitutional standard, the Michigan Court of Appeals rejected the claim on the basis that no videotape existed to suppress:

> [T]he record indicates that there was no recording of the incident. Before trial, the court ordered that the audio and video recordings from the police scout car, if available, be turned over to defendant. Officer Harnphanich testified that he was told by the officer in charge that there was no audio or video recording, and Officer Zeolla, who was driving the scout car, testified that it was his understanding that the lights and sirens must be activated for the car's camera and microphone to work, and he did not activate the lights and siren in this matter because there was no reason to do so. Further, contrary to defendant's assertion that the prosecutor "made [an] offer of proof of video evidence at" the pretrial hearing, she never indicated that a video recording existed. Instead, she merely indicated that the discovery order was "in the works" and the officer in charge wanted to set up a time so he could ensure that he had the scout car's video recording. On this record, defendant did not establish that a video recording existed for the prosecutor to produce.

*James*, 2016 WL 3267143, at *8.

This decision was reasonable. The state court made a factual determination that no videotape from the patrol car ever existed. This finding is presumptively correct on federal habeas review, and Petitioner has failed to offer clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e). The claim is therefore without merit.

D. Effective Assistance of Counsel

Finally, Petitioner asserts that he was denied the effective assistance of trial counsel where his counsel failed to move to suppress the illegally seized handgun. He also asserts that his counsel failed to investigate and discover any defense witnesses. Finally, Petitioner asserts that his counsel failed to preserve his other habeas claims.

To establish ineffective assistance of counsel, a defendant must show both that: (1) counsel's performance was deficient, i.e., "that counsel's representation fell below an objective standard of reasonableness"; and (2) the deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner first asserts that his counsel performed deficiently by failing to move to suppress the handgun under the Fourth Amendment. No viable basis for suppression existed. As the Michigan Court of Appeals noted, "the uncontradicted police testimony indicates that the officers had not yet stopped or detained defendant when defendant revealed the presence of a gun on his person and discarded the gun, and thus, the seizure of the gun could not have been the result of that stop or arrest." *James*, 2016 WL 3267143, at *8.

The handgun was not seized incident to Petitioner's arrest – it had already been thrown onto the ground by Petitioner prior to his arrest. Therefore, no "seizure" under the Fourth Amendment occurred. See, e.g., *California v. Hodari D.*, 499 U.S. 621, 629 (1991) (cocaine abandoned by defendant while he was running from police was not the fruit of a seizure). Counsel was not ineffective for failing to make a meritless motion.

Petitioner next asserts that his counsel was ineffective for failing to investigate and discover any defense witnesses to testify on his behalf. Petitioner does not proffer any evidence that defense witnesses existed to testify on his behalf. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct

[fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013)(quoting *Strickland*, 466 U.S. at 689).

In any event, the Michigan Court of Appeals reasonably found that Petitioner's counsel conducted an adequate pretrial investigation:

> The record shows that the trial court appointed a private investigator to assist defendant, and before trial counsel indicated that the investigator was "seeking to see if there [were] any potential witnesses," trial counsel sought discovery of the police scout car's video and audio recordings and any activity logs of the matter, and the court ordered such discovery. In addition, fingerprint testing by the Michigan State Police lab was completed on the gun. This record indicates that a reasonable investigation was conducted.

*James*, 2016 WL 3267143, at *11.

Finally, Petitioner asserts that his counsel was ineffective for failing to object at trial to any of his unpreserved claims. The Court has already determined that Petitioner's claims are without merit. It is not ineffective assistance of counsel to fail to raise a meritless objection. See *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (counsel cannot be held constitutionally ineffective for failing to pursue a meritless claim or raise a meritless objection).

As none of Petitioner's claims merit relief, the petition will be denied.

E. Pending Motions

Petitioner filed a motion for production of the state court records. Dkt. 5. He asserts that his legal records were lost during a prison transfer and that he requires new copies of the state court record to prepare a reply brief. He also filed two motions for extension of time, seeking additional time to file a reply brief if the Court orders production of another copy of the state court record. Dkts. 8 and 9.

Habeas petitioners do not have a right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases to grant discovery to a habeas petitioner upon a fact specific showing of good cause. *Id*. If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler*, 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id*. Moreover, a district court does not abuse its discretion by denying a habeas petitioner's request for discovery, when the discovery requested by a petitioner would not have resolved any factual disputes that

could entitle him to habeas relief, even if the facts were found in his favor. *Id.*

Petitioner is not entitled to another copy of the complete state court record as he requests because the discovery sought by him would not entitle him to habeas relief. *Burns v. Lafler*, 328 F. Supp. 2d at 719. See also *Sellers v. United States*, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004). Simply stated, the record does not support Petitioner's claims. Accordingly, Petitioner's pending motions will be denied.

## IV. Certificate of Appealability

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).To satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

The Court finds that reasonable jurists would not debate the resolution of Petitioner's claims because they are devoid of merit. The Court will therefore deny a certificate of appealability.

If Petitioner chooses to appeal the Court's decision, however, he may proceed in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, 3) **GRANTS** permission to appeal in forma pauperis, and 4) **DENIES** Petitioner's pending motions.

**SO ORDERED.**

Dated: December 19, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2018, by electronic and/or ordinary mail and also on Steven James-El #353463, Parnall Correctional Facility – Smt, 1780 E. Parnall, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk